1                                                   **O**

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| 11   MICHELE MATTISON O/B/O/ K.A., | ) | CASE NO. ED CV 10-00097 RZ |
| 12             Plaintiff, | ) ) | |
| 13       vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| 14   MICHAEL J. ASTRUE, Commissioner | ) | |
|     of Social Security, | ) | |
| 15 | ) ) | |
|             Defendant. | ) | |
| 16 | ) | |

17        The real party in interest in this case is a minor, and Plaintiff, her guardian

18 *ad litem*, seeks review of the Social Security Commissioner's decision denying childhood

19 disability payments.  Plaintiff raises two challenges.

20        First, Plaintiff asserts that the Commissioner wrongly found that Plaintiff had

21 a less than marked limitation in the domain of "moving about and manipulating objects."

22 *See* 20 C.F.R. § 416.926a(b) and §416.926a(j).  One way a child — who is not expected

23 to be in the workforce — is disabled, is if he or she cannot function appropriately in certain

24 areas that the Social Security Administration calls domains.  In that situation, the child is

25 said to functionally equal a listing in the Listing of Impairments found at 20 C.F.R. Part

26 404, Subpart P, Appendix I.  20 C.F.R. § 416.926a(d).  A person who meets one of those

27 listings is said to be disabled without further evaluation.  *Lester v. Chater* , 81 F.3d 821,

28 828 (9th Cir. 1996).

1        Under the regulations, a minor who has "marked' limitations in two or more
2    domains qualifies for disability benefits.  20 C.F.R. § 416.926a(d).  The domain Plaintiff
3    speaks of, of "moving about and manipulating objects," has to do largely with movement
4    through space.  "[H]ow you move your body from one place to another and how you move
5    and manipulate things," is the way the regulations define the domain in general.  20 C.F.R.
6    § 416.926a(j).  The regulations continue to describe things such as rolling the body, rising
7    or pulling oneself up, raising arms, legs, and so on.  The examples of limited functioning
8    contained in the regulations, although not all-inclusive, nevertheless all have to do with
9    muscular control or some other ability to control the body in moving from space to space.
10   *See* 20 C.F.R. § 416.926a(j)(3).

11        The real party in interest has asthma.  The record does reflect that the asthma
12   has an impact on her, but in a different domain, the domain of "health and physical well-
13   being."  The Administrative Law Judge found that the real party in interest had a marked
14   limitation in this domain.  [AR 23]  Substantial evidence supported that finding.  But
15   Plaintiff's asthma did not impose a marked limitation on her ability to move around.

16        Plaintiff's memorandum contains much discussion about whether Dr. Bailey's
17   opinion should have been credited or not, and whether the Administrative Law Judge
18   should have pressed for the production of additional records.  There is no evidence that
19   there were additional records, and counsel himself did not present any.  *See Duenas v.*
20   *Shalala*, 34 F.3d 719, 734 (9th Cir. 1994).  But, at bottom, this issue is a red herring.  There
21   was no reason to think that any additional records would indicate any difficulty with gross
22   or fine motor skills, the focus of this domain.

23        Plaintiff also complains that the Administrative Law Judge did not properly
24   consider the statement of the school health aide.  Again, the Court disagrees.  Plaintiff
25   argues that the statement is relevant to the assessment of the domain of movement, but the
26   statement instead talks about Plaintiff's absences as a result of her asthma.  The
27   Administrative Law Judge did not find the statement useful, for a variety of reasons [AR
28   16] but those reasons are not pertinent here.  The statement does not speak to the domain

1  of movement, but to the domain of health.  As noted, in that domain, the Administrative

2  Law Judge did find that Plaintiff had a marked limitation.

3  Plaintiff's Memorandum in Support of Complaint also contains a generalized

4  argument that she met the marked limitation criteria for the domain of movement, but the

5  record does not support that conclusion.

6  Accordingly, the decision of the Administrative Law Judge is affirmed.

7

8  DATED:   September 13, 2010

9

10

11  RALPH ZAREFSKY
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28